IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

**DARRYL CLARK**

  Plaintiff,

v.

**METAL VENZ, C.A.**, a foreign corporation,
**HAMBURG SUD PANAMA, SA**, a foreign corporation,
**HAMBURG SUD NORTH AMERICA, INC.**, a foreign corporation, **MAERSK LINE A/S CO.**, a foreign corporation, and **HAMBURG SÜDAMERIKANISCHE DAMPFSCHIFFFAHRTS-GESELLSCHAFT A/S & CO KG**, a foreign corporation

  Defendant.

_____/

## COMPLAINT

The Plaintiff, DARRYL CLARK ("Plaintiff") hereby sues the Defendants, METAL VENZ, C.A., HAMBURG SUD PANAMA, SA ("Hamburg Sud Panama"), HAMBURG SUD NORTH AMERICA, INC. ("Hamburg Sud North America"), MAERSK LINE A/S CO. ("Maersk"), and HAMBURG SÜDAMERIKANISCHE DAMPFSCHIFFFAHRTS-GESELLSCHAFT A/S & CO KG ("Hamburg Sud"), and states as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00 exclusive of interest, costs, and attorneys' fees.

2. The Plaintiff is and was at all times material hereto a resident of Broward County, Florida.

**EXHIBIT A**

3. Defendants Hamburg Sud, Maersk, Hamburg Sud North America, and Hamburg Sud Panama are each foreign corporations engaged in the ocean transport of cargo from various ports worldwide to ports in the state of Florida, including Port Everglades in Broward County and are indebted unto the Plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

4. Defendants Hamburg Sud Panama and Hamburg Sud North America are subsidiaries of Defendant Hamburg Sud.

5. Defendant Hamburg Sud is a subsidiary of Defendant Maersk.

6. Defendants Hamburg Sud, Maersk, Hamburg Sud North America, and Hamburg Sud Panama are referred to collectively throughout this Complaint as "Defendant Ship Operators".

7. Defendant Metal Venz, C.A. is a foreign corporation engaged in the business of selling goods to buyers located in the state of Florida.

8. This action is brought pursuant to 46 U.S.C.A. 905(b), the "savings to suitors" clause, and the laws of the State of Florida.

9. On or about November 23, 2015, the Plaintiff was employed by Florida International Terminal, LLC as a longshoreman to assist in the discharge of a vessel owned or chartered, and operated, by the Defendant Ship Operators.

10. The Defendant Ship Operators hired the Plaintiff's employer, Florida International Terminal, LLC to assist in the discharge of cargo from the BF Ipanema during the vessel's November 23, 2015 call at Port Everglades located in Broward, County, Florida.

11. At all times material hereto, Plaintiff's employer was an expert and experienced stevedoring company.

12. Prior to Plaintiff beginning his duties as a longshoreman, Plaintiff's employer made a reasonable inspection of the ship.

13. On the above-mentioned date, Plaintiff was operating a container top loader as part of his longshoreman duties.

14. Part of the Plaintiff's longshoreman duties consisted of organizing containers unloaded from the BF Ipanema by lifting the containers and placing them into stacks.

15. Using the container top loader, Plaintiff picked up a container unloaded from the BF Ipanema and attempted to move the container. While moving the container, Plaintiff container top loader tipped forward due to the weight of the container and crashed into two other containers in the area.

16. The materials within the container were not secured, allowing the material to shift within the container.

17. The container top loader operated by Plaintiff tipped forward because the weight of the container was too much to be lifted safely by the container top loader.

18. As a result of the crash, the Plaintiff suffered serious bodily injury.

19. At all relevant times, the Plaintiff exercised reasonable care in performing his job and did not contribute to the crash in any fashion.

20. As a result of this incident, the Plaintiff's employer, Florida International Terminal, LLC has paid the Plaintiff benefits under the Longshore and Harbor Workers' Compensation Act.

## COUNT I - DEFENDANT SHIP OPERATORS' FAILURE TO TURNOVER SHIP IN REASONABLY SAFE CONDITION

21. Plaintiff adopts and incorporates by reference all allegations in paragraphs 1 through 20 above as if fully set forth herein.

22. Defendant Ship Operators turned the BF Ipanema to Plaintiff's employer without disclosing the extreme weight of the container picked up by Plaintiff.

23. Defendant Ship Operators also failed to disclose that the materials within the container were not secured and, therefore, were subject to shifting within the container.

24. The loose and overweight materials within the container created a dangerous condition which could not be discovered by the Plaintiff and the Plaintiff's employer during a reasonable inspection of the ship.

25. Defendant Ship Operators failed to warn Plaintiff or Plaintiff's employer of this dangerous condition.

26. As a result, the Plaintiff suffered harm, including without limitation, permanent injury within a reasonable degree of medical probability, significant and permanent scarring or disfigurement and permanent loss of bodily function, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, loss of family and personal services, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. One or more of the losses are permanent and continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgement against Defendants HAMBURG SUD PANAMA, SA, HAMBURG SUD NORTH AMERICA, INC., MAERSK LINE A/S CO.

("Maersk"), and HAMBURG SÜDAMERIKANISCHE DAMPFSCHIFFFAHRTS-GESELLSCHAFT A/S & CO KG for compensatory damages and further relief that this Court deems just and proper.

## COUNT II - DEFENDANT SHIP OPERATORS' FAILURE TO INTERVENE AND PROTECT PLAINTIFF FROM DANGEROUS CONDITION

27. Plaintiff adopts and incorporates by reference all allegations in paragraphs 1 through 20 above as if fully set forth herein.

28. Defendant Ship Operators turned over the BF Ipanema with a container that was too heavy to be safely manipulated and with materials inside not secured against shifting.

29. The overweight and unsecured cargo within the container was a dangerous condition and caused Plaintiff's crash and resulting injuries.

30. Defendant Ship Operators had knowledge of this dangerous condition and took no action to intervene and protect Plaintiff from this danger.

31. As a result, the Plaintiff suffered harm, including without limitation, permanent injury within a reasonable degree of medical probability, significant and permanent scarring or disfigurement and permanent loss of bodily function, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, loss of family and personal services, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. One or more of the losses are permanent and continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgement against Defendants HAMBURG SUD PANAMA, SA, HAMBURG SUD NORTH AMERICA, INC., MAERSK LINE A/S CO.

("Maersk"), and HAMBURG SÜDAMERIKANISCHE DAMPFSCHIFFFAHRTS-GESELLSCHAFT A/S & CO KG for compensatory damages and further relief that this Court deems just and proper.

## Count III - DEFENDANT METAL VENZ, C.A.'S FAILURE TO TURNOVER CONTAINER IN REASONABLY SAFE CONDITION

32. Plaintiff adopts and incorporates by reference all allegations in paragraphs 1 through 20 above as if fully set forth herein.

33. Defendant Metal Vens, C.A. contracted with Defendant Ship Operators to transport the container involved in the crash that is the subject of this Complaint.

34. Defendant Metal Venz, C.A. loaded, or caused to be loaded, into the container materials with a total weight too heavy to be safely transported.

35. Defendant Metal Venz, C.A. failed to secure the materials within the container from shifting during transit.

36. The loose and overweight materials within the container created a dangerous condition which could not be discovered by the Plaintiff and the Plaintiff's employer during a reasonable inspection of the ship.

37. Defendant Metal Venz, C.A. failed to warn Plaintiff or Plaintiff's employer of this dangerous condition.

38. As a result, the Plaintiff suffered harm, including without limitation, permanent injury within a reasonable degree of medical probability, significant and permanent scarring or disfigurement and permanent loss of bodily function, resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, loss of family and personal services, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. One or more of the

losses are permanent and continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgement against Defendant METAL Venz, C.A. for compensatory damages and further relief that this Court deems just and proper.

## COUNT IV - DEFENDANT METAL VENZ, C.A.'S FAILURE TO INTERVENE AND PROTECT PLAINTIFF FROM DANGEROUS CONDITION

39. Plaintiff adopts and incorporates by reference all allegations in paragraphs 1 through 20 above as if fully set forth herein.

40. Defendant Metal Venz, C.A. contracted with Defendant Ship Operators to transport the container involved in the crash that is the subject of this Complaint.

41. Defendant Metal Venz, C.A. loaded, or caused to be loaded, into the container materials with a total weight too heavy to be safely transported.

42. Defendant Metal Venz, C.A. failed to secure the materials within the container from shifting during transit.

43. The overweight and unsecured cargo within the container was a dangerous condition and caused Plaintiff's crash and resulting injuries.

44. Defendant Metal Venz, C.A. had knowledge of this dangerous condition and took no action to intervene and protect Plaintiff from this danger.

45. As a result, the Plaintiff suffered harm, including without limitation, permanent injury within a reasonable degree of medical probability, significant and permanent scarring or disfigurement and permanent loss of bodily function, resulting pain and suffering, disability, mental anguish, loss of capacity for the

enjoyment of life, loss of family and personal services, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. One or more of the losses are permanent and continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgement against Defendants Metal Venz, C.A. for compensatory damages and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully Submitted,

By: /s/ *Randell Baisden*

Randell Baisden
FL BAR NO.: 920266
rb@baisdenperezlaw.com
michele@baisdenperezlaw.com
Alexander Baisden
FL BAR NO.: 99698
alex@baisdenperezlaw.com
Baisden & Perez, LLC
400 N Pine Island Rd., Suite 200
Plantation, FL 33324
Telephone: (954)759-0500
Facsimile: (954)749-3008
**Attorneys for Plaintiff**